ROBERT HARRIS *vs.* ISABEL HARRIS, Administratrix of WILLIAM
J. HARRIS.

*It seems* that the usual acknowledgement in deeds of the receipt of the consideration,
may be *contradicted by parol* in an action for the purchase money.

*Adjudged* that the *written admissions* of the grantee that the purchase money had not
been paid could be given in evidence, though the deed contained an acknowledgment
of the grantor to the contrary.

A *distributive share* of an intestate's estate may be recovered in general indebitatus as-
sumpsit.

In an action against an administrator it is not necessary under the general issue for
plaintiff to prove the grant of letters.

SUMMONS case. Narr. in assumpsit for the distributive balance of
personal estate, and also for the price of a tract of land. Pleas, non
assumpsit, payment, set-off, plene administravit, and no assets ultra.
Replications and issues.

Plaintiff produced a probate made before a notary public of the
State of Tennessee, and certified under his notarial seal. It was ob-
jected to because there was no authentication of this seal or other
evidence of the notary's official character. The probate was ad-
mitted as sufficient. (See *Digest*, 227.)

The plaintiff then offered in evidence a letter from William J.
Harris to him admitting a balance of $166 66, due to plaintiff as the
distributive balance of his father's estate, of which defendant was the
administrator. It was objected to on account of the form of action.

*The Court* referred to *Digest*, 228, and directed the counsel to argue
the question. The objection was waived for the present.

The plaintiff gave in evidence the following letters from William
J. Harris to plaintiff, who resided in Tennessee. One dated Febru-
ary 3, 1832, admitting the distributive balance to be due, to the
amount of $33 69. Another dated January 31, 1833, offering $600
for plaintiffs share of their father's land, and requesting plaintiff to
send him a deed if he accepted the offer, *or to send it to some other
person if he was afraid to trust him with it.* Another dated June 21,
1834, acknowledging the receipt of *two* deeds for the land; the first
deed having been insufficient; and saying that he thought the second
one would do : enclosing, also, $100 in part payment of the consi-
deration money, and promising to send more.

January 6, 1835, same to same. Apologizes for not sending more
money, and promises to send it as fast as he can get it. June 4,
1835, same to same: enclosing $100, and promising further pay-
ment. July 25, 1835, same to same: enclosing $100, in part pay-
ment of the balance.

The plaintiff having closed,

*Cullen*, for defendant, moved a nonsuit, because no evidence had been given of the defendant's representative character. He contended that the plea of non-assumpsit put in issue every material and traversable matter, and that the character of defendant as administratrix must be shown before the suit can be sustained against her.

*Court.*—We have the strongest impression that the objection is not good. Even in the case of a plaintiff who is an administrator, the plea of the general issue does not deny the grant of letters. That case is stronger than this. There is no averment in this declaration of the grant of letters to defendant. If she meant to deny her character as administratrix, she should have pleaded it specially; *ne unques administrator.* 2 *Stark. Ev.* 522-3, 548; *Roscoe Ev.* 466.

                                        Nonsuit refused.

The defendant then gave in evidence a deed of bargain and sale, from Robert Harris and wife to William J. Harris, dated 28th January, 1834, which in its body acknowledged the receipt of the purchase money in the usual form. There was no seperate receipt endorsed; no witnesses to the deed; and it was not so acknowledged as to entitle it to be recorded. And the evidence here closed.

It was insisted for the defendant—

1. That this deed not being properly acknowledged, was not an execution of any contract to sell the land; that it passed no title, and did not authorize the grantor to demand the purchase money.

2. That as the deed contained an acknowledgment that the purchase money had been paid, the grantor was estopped, and could not contradict this by showing even the written admissions of the grantee, not under seal, to the contrary. 3 *Stark. Ev.* 1592; 2 *Taunt.* 141.

3. That the distributive balance was not recoverable in this action.

*The Court.*—The principal point relied on is, that the deed from plaintiff to defendant's intestate contains a receipt, and acknowledges under the hand and seal of the plaintiff, that he has received the purchase money, which is conclusive.

We admit that the deed is as conclusive in the action of assumpsit *as if* it were pleaded as a release; but the case before us is one in which the defendant produces a deed, containing an acknowledgment of the receipt of the purchase money; and the rebutting evidence produced, is the written admissions of the defendant in numerous letters, that the purchase money was *not* paid. Frequent letters before this, requesting plaintiff to send him a deed, and promising payment of the purchase money, one of the letters telling plaintiff if he is afraid to trust defendant with the deed, to send it to a third person. The plaintiff was not afraid to trust him; he sent the deed, and

the defendant afterwards paid from time to time parts of the consideration money, and admitted that the balance was not paid. In this country, land is the constant subject of alienation; and the policy of the law is to facilitate this. The invariable practice is to insert a clause acknowledging the receipt of the consideration expressed, and to take bonds or notes for the purchase money; yet this acknowledgement in the deed has never been set up against such bonds or other securities. We do not deny that the principle of the English law is as stated by Mr. Cullen; but it has been decided otherwise in several of the oldest states of this union, whose judicial decisions are entitled to the highest respect. In New York, Pennsylvania, and in Massachusetts, their courts have established that parol evidence is admissible to contradict the general acknowledgement in the deed. This is a stronger case; the evidence is in writing oft repeated, and cannot admit of any doubt. Confining ourselves at present to the case before us, we instruct the jury that these letters are evidence. (See *Stark. Ev.* 548; 17 *Mass. Rep.* 259, *Wilkenson* vs. *Scott.*)

2. The question whether a distributed share may be recovered in general indebtatus assumpsit, is settled by our act of assembly. There is in this declaration a count on an account stated. The party has settled this estate by an account passed before the register. This count is well adapted to meet the proof, and we think, under it the plaintiff may recover the distributive balance due him from his father's estate.

3. A deed has been presented, which it is said is insufficient, and we agree to it, not because as defendant objected, that the number of acres are not stated, but because there was no acknowledgement and separate examination of the grantee's wife. But there is evidence of another deed. The letters show an admission that the defendant has received another deed, and he says the two together *will* Where is the deed? It is not produced; but the legal presumption is, that the defendant has it. The question then, must be left to the jury to say whether a good deed has been given; they must judge of this from the admissions of the defendant, and his not producing the second deed. If the jury are not satisfied that a valid deed has been given for the land, or not accepted by defendant as valid, they ought to find for him; but if otherwise, for the plaintiff.

The plaintiff had a verdict.

*Wootten,* for plaintiff.
*Cullen,* for defendant.